UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS IANNUCCI and LUCIA IANNUCCI, individually

    Plaintiffs,

v.                                      Case No: 2:14-cv-106-FtM-38DNF

BANK OF AMERICA, NA,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Bank of America, N.A.'s Motion to Dismiss the Plaintiffs' Complaint (Doc. #10) filed on April 10, 2014. Plaintiffs have not filed a Response to Defendant's Motion, and the 14 day time limit to do so has expired. Thus, Defendant's Motion is now ripe for review.

## BACKGROUND

On or about July 2, 2008 Plaintiffs executed a mortgage note payable to Schaefer Mortgage Corporation. (Doc. #1 at ¶ 5). It is then alleged that the note was transferred to Countrywide Bank, FSB and then to Bank of America, N.A. (BANA). (Doc. #1 at ¶¶ 6–8). After these transfers BANA initiated foreclosure proceedings in the 20th Judicial Circuit Court in Lee County Florida on January 31, 2012, to which answers

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

and affirmative defenses were filed in response by Mr. Iannucci. (Doc. #10-1).[2] Subsequently, the Plaintiffs' sent various demand letters to BANA to determine the legal holder of the mortgage note, the first being sent around August 2012. (Doc. #1 at ¶¶ 10, 12, 13). The letters and demands to produce the original note or other legal proof of BANA's ownership of the note went unanswered, or were not complied with. (Doc. #1 at ¶ 15).

On February 24, 2014, Plaintiffs filed the instant case in federal court alleging harm from several violations of the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., from the Defendant's failure to disclose the new holder of the mortgage note each time it was transferred and assigned. (Doc. #1 at ¶¶ 16–18). Defendant BANA filed its Motion to Dismiss (Doc. #10) on April 10, 2014.

## **STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. January 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L. Ed.2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir.2008) (citing Bell Atlantic Corp.

---

[2] The Court finds it appropriate to take Judicial Notice of the ongoing proceedings in State Court between the parties in the instant case. These proceedings are public, official records and may be taken into account alongside the Plaintiffs' complaint while deciding a 12(b)(6) motion to dismiss. See Halmos v. Bomardier Aerospace Corp., 404 Fed. Appx. 379, 377 (11th Cir. 2010).

v. Twombly*,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc.*,* 358 F.3d 840, 845 (11th Cir.2004)-has been retired by Twombly*.* James River Insurance Co.*,* 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal*,* --- U.S. ----, 129 S.Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams*,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford County*,* 960 F.2d 1002, 1009-10 (11th Cir.1992).

## DISCUSSION

Defendant BANA now moves to dismiss the complaint because (1) the Plaintiffs' TILA claim is a compulsory counterclaim to the foreclosure action pending in state court and is thus barred from being heard in this Court; (2) the statute of limitations for claims arising out of 15 USC § 1640 has long expired; and (3) the Plaintiffs have failed to allege sufficient facts to hold BANA liable for violations under TILA (Doc. #10). The Court will first address whether the time limitation under 15 USC § 1640 has barred the Plaintiffs' claim because if the Statute of Limitations has expired, the case will be dismissed.

3

### A. Statute of Limitations for the TILA claim

BANA asserts in its motion that the Plaintiffs' claim is barred by the Statute of Limitations because the applicable time limit under TILA has run. Under 15 USC § 1640(e), a claim for disclosure violations must be brought within one year of the occurrence of the violation. A "violation 'occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations." Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892 (11th Cir. 2008).  Equitable tolling may permit a claim under the TILA more than a year after the violation if the plaintiff alleges facts showing "affirmative concealment on the part of the lender [i.e.,] something more than mere non[-]disclosure." Wallace v. Mortgage Electronic Registration System, Inc., 2011 WL 1298195 *1-2 (M.D. Fla. April 1, 2011).

Although the Plaintiffs have alleged failure to disclose the assignment and transfer of the loan from original lender to Countrywide Bank and subsequently to BANA, it is not clear from the record when the alleged violations in Plaintiffs' Complaint (Doc. #1) occurred.  The original mortgage note was consummated on July 2, 2008 (Doc. #1 at ¶ 5), and the earliest known date that BANA became involved was when it filed its foreclosure action on January 31, 2012. (Doc. #10-1).  The assignments from the original creditor (Schaefer Mortgage Corp.) to Countrywide Bank and finally to BANA presumably occurred during this time. Since the foreclosure action was filed on January 31, 2012, the latest time to file the TILA claim would have been January 31, 2013, well before February 24, 2014, when the Plaintiffs' filed the instant Complaint. (Doc. #1). Nowhere in the Complaint do the Plaintiffs allege that the non-disclosures

were willful or malicious, such that the violations may toll the limitation's period. Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 708 (11th Cir. 1998); Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771 (M.D. Fla. Mar. 1, 2010). The Plaintiffs' TILA claim is barred by the statute of limitations as it was filed well beyond the one year limit. Therefore, the case is due to be dismissed. Even though the Statute of Limitations has run and the case is due to be dismissed the Court will give brief consideration to the remaining claims.

## B. BANA's Remaining Arguments

The next argument presented by BANA is that the Plaintiffs' TILA claim is a compulsory counterclaim and should have been brought under Florida Rule of Civil Procedure 1.170(a). While the Court is inclined to agree that the claim is considered compulsory when viewed in light of Montgomery Ward Development Corp. v. Juster, 932 F.2d 1378, 1380, 1381 (11th Cir. 1991) and other case law, the appropriate action under this argument would be abstention, because the underlying state proceedings are still pending. (Doc. #10-1) See Beepot v. J.P. Morgan Chase Nat'l. Coprorate Services, Inc., 2011 WL 4529604 *8-10 (M.D. Fla. September 30, 2011) (granting abstention rather than dismissal of a TILA claim where the underlying state court foreclosure action was still proceeding). It is not within the provenance of federal courts to render decisions on claims subservient to pending state litigation, to do so would inevitably encroach on the authority and jurisdiction of the state courts and encourage "inconsistent results." Borrero v. United Healthcare, 610 F.3d 1296, 1307 (11th Cir. 2010). Thus, were it not for the dismissal pursuant to the expiration of the Statute of Limitations, the Court would hold the case in abstention.

BANA argues finally that Plaintiffs in this case have failed to state a claim under TILA. 15 USC § 1641(g) requires that new creditors "notify the borrower in writing" of the assignment, in addition to other information listed in the subsection. Violations of this provision create liability under 15 USC § 1640. While the Court notes BANA's arguments regarding the sufficiency of Plaintiffs' claims, a decision on the merits of the complaint is moot since the TILA claim is outright barred by its own limitation or at best subject to abstention until the conclusion of the state court proceedings, at which point the instant case would necessarily be dismissed under a theory of claim preclusion.

## CONCLUSION

In conclusion, the Court notes BANA's various arguments for dismissal of the Plaintiffs' TILA claim, and is in agreement that it is well past the time limitation contained within 15 USC §1640(e). Therefore, Plaintiffs claim is barred, and the Complaint (Doc. #1) is dismissed.

Accordingly, it is now

**ORDERED:**

Motion to dismiss (Doc. #10) is **GRANTED**, and Plaintiffs' Complaint (Doc. #1) is **DISMISSED with prejudice**. The Clerk of the Court is directed to **DISMISS** the Complaint, enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record